**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JUSTIN R. CRANFORD, #110425**                                                            **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:06cv450HTW-LRA**

**J.K. STRINGER, et al.**                                                          **DEFENDANTS**

ORDER

      This cause comes before this Court on plaintiff's Motion for Preliminary Injunction [3]. The Court, upon consideration of the plaintiff's motion and applicable case law, has come to the following conclusion.

      In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). While the granting or denial of a motion for a preliminary injunction or temporary restraining order rests in the sound discretion of the trial court, the movant bears the burden of satisfying the four prerequisites for this extraordinary relief. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

      The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. Id. These requirements are not balanced, but rather each one must be met before the

Court can grant such a drastic remedy as a temporary restraining order.  <u>Mississippi Power & Light Co.</u>, 760 F.2d at 621.

In the case at bar, the Court finds that a preliminary injunction is not warranted at this time.  The plaintiff's case is proceeding in this Court, and there is no substantial threat that plaintiff will suffer irreparable injury if the preliminary injunction is not granted. Furthermore, the primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits.  <u>Mississippi Power & Light Co.</u>, 760 F.2d at 573. This Court concludes that it will be able to render a meaningful decision in this cause without granting a preliminary injunction.

Hence, in light of the foregoing prerequisites and standards, it is clear that plaintiff's motion for a preliminary injunction should be denied without a hearing. Therefore, it is hereby,

ORDERED that plaintiff's Motion for a Preliminary Injunction **[3] is DENIED.**

SO ORDERED, this the 16th day of February, 2007.

                                                s/ HENRY T. WINGATE
                                                CHIEF UNITED STATES DISTRICT JUDGE